**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD ARTHUR WEAVER,

                Petitioner - Appellant,

    v.

KEN CLARK,

                Respondent - Appellee.

No. 12-55423

D.C. No. 3:10-cv-00655-LAB-POR

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 30, 2013
Pasadena, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and NAVARRO, District
Judge.[**]

      Petitioner Ronald Arthur Weaver appeals the district court's denial of his

petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254. He raises four

arguments that the district court erroneously applied a procedural bar to his claims

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Gloria M. Navarro, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

of trial-level ineffective assistance of counsel ("IAC"), and asks us to expand his certificate of appealability ("COA") to include two additional arguments. We address each argument and request in turn.

Because Weaver has offered no compelling rebuttal of *Ylst*'s "look-through" presumption, we agree with the district court that the California Supreme Court denied his trial-counsel IAC claims on the independent and adequate state-law ground of untimeliness. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Considering Weaver's three and one half year delay between his conviction and his habeas petition, his is not an "exceptional" case involving an "exorbitant application" of California's timeliness rule. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002). Weaver cannot overcome his procedural default.

Moreover, even if *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), apply to California, Weaver cannot overcome his procedural default on that basis because his claims of IAC are not "substantial," *Martinez*, 132 S. Ct. at 1320. "[W]e must presume that counsel was competent" and Weaver has not rebutted "this presumption by showing that [counsel's] performance was objectively unreasonable under prevailing professional norms and was not the product of sound strategy." *Duncan v. Ornoski*, 528 F.3d 1222,

1234 (9th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 688–89 (1984)).

Finally, Weaver has not made a "convincing showing of actual innocence enabl[ing him] to overcome [the] procedural bar to consideration of the merits of [his] constitutional claims." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Even if believed, Weaver's impeachment evidence does not "give[] rise to sufficient doubt about the validity of [his] conviction." *Sistrunk v. Armenakis*, 292 F.3d 669, 676 (9th Cir. 2002) (en banc) (internal quotation marks and citation omitted).

Because Weaver cannot overcome the procedural bar, we may not consider the merits of his habeas petition.

We may broaden a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). Because there is no basis to conclude that the appellate court overlooked any of Weaver's Fourth Amendment claims, it could not have been IAC for counsel not to petition for rehearing. As Weaver's trial-level IAC claims are procedurally barred, it was not an abuse of discretion for the district court to deny an evidentiary hearing.

**AFFIRMED.**